JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [16], DENYING PLAINTIFFS' MOTION TO COMPEL JUDICIAL REFERENCE [34], AND FURTHER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS [17, 51]**

Before the Court is Defendant's Motion to Compel Arbitration, ECF 16, and Motion to Dismiss, ECF 17, as well as Plaintiffs' Motion to Compel Judicial Reference, ECF 34. The Court read and considered the moving, opposing, and reply papers and held a hearing on September 19, 2024. ECF 50. For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Compel Arbitration, **DENIES** Plaintiffs' Motion to Compel Judicial Reference, ECF 34, and **DENIES** as moot Defendant's Motion to Dismiss and Plaintiffs' Ex Parte Application to file a response to the Motion to Dismiss, ECF 17, 51.

## I. BACKGROUND

On February 13, 2024, Plaintiff Performance Jet Skis LLC filed this consumer class action against Defendants Bank of America, N.A. ("Defendant" or "BANA") and Does 1-50 in Los Angeles County Superior Court, based on BANA's allegedly unfair and deceptive fee-charging practices. ECF 1-1. On March 1, 2024, Performance Jet Skis LLC and newly added Plaintiffs WorldwideWebbSolutions and A&F Logistics (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed an Amended Class Action Complaint ("FAC"). ECF 1-2.

Plaintiffs are California businesses with BANA business checking accounts. FAC ¶¶ 5-7. BANA is "one of the largest banks in the United States and is engaged in the business of providing retail banking services to millions of accountholders, including to Plaintiff[s]." *Id.* ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

Plaintiffs allege that BANA has a routine practice of assessing overdraft fees on transactions that did not actually overdraw the account and assessing two or more fees, including non-sufficient funds fees and overdraft fees, on a single item—practices that Plaintiffs allege have been deemed unlawful, unfair, and deceptive by federal regulators, such as the Consumer Financial Protection Bureau and the Federal Deposit Insurance Corporation. *Id.* ¶ 2. According to Plaintiffs, BANA "misleadingly and deceptively" misrepresents these practices and omits material facts pertaining to these practices in its publicly available marketing materials, including its account contracts. *Id.* ¶ 3. The monthly statements BANA issues to its accountholders also disguise and make it impossible for reasonable accountholders to discover BANA's unlawful practices. *Id.* ¶ 54.

On these factual allegations, Plaintiffs bring two claims for: (1) breach of contract, including breach of the covenant of good faith and fair dealing; and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* They seek to represent two classes of business accountholders in California: (1) all holders of a BANA business checking account who were charged overdraft fees on transactions that were authorized into a positive available balance; and (2) all holders of a BANA business checking account who were charged multiple fees on the same item. *Id.*

When Performance Jet Skis initially filed the Complaint in this case, it also moved to compel judicial reference under Section 638 of the California Code of Civil Procedure. ECF 1-1 at 96. Subsequently, when Plaintiffs filed the Amended Class Action Complaint, they also indicated in the complaint that they would move for an order compelling judicial reference. *See* ECF 1-2 at 14, n. 1. On March 21, 2024, prior to such a motion being filed, BANA removed this matter to federal court. ECF 1. On April 26, 2024, BANA then filed a Motion to Compel Arbitration and a separate Motion to Dismiss. ECF 16, 17. BANA noticed the Motions for hearing on September 5, 2024. ECF 16, 17. On August 15, 2024, prior to the hearing on BANA's motions, Plaintiffs filed their Motion to Compel Judicial Reference, setting the motion for hearing on September 19, 2024. ECF 34. The Court combined the matters into one hearing. ECF 42, 50. After the hearing, the Court ordered the parties to submit supplemental briefing, ECF 52, which the parties timely filed, ECF 57, 58. Having thoroughly considered the parties' positions, the Court now rules on the Motions.

## II.     LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)); *see also Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

Section 638 of the California Code of Civil Procedure provides that a court may appoint a judicial referee "to hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision." Cal. Civ. Proc. Code § 638. The court may utilize this alternative dispute resolution procedure "upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties." *Id.* "[T]he Supreme Court has established a strong policy in favor of the enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licorices, S.A.*, 446 F.3d 984, 992 (9th Cir. 2006). District courts have adhered to this strong policy in enforcing judicial reference agreements. *See, e.g.*, *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, No. 2:10-cv-02991-JHN-JCGx, 2010 WL 5154136, at *4 (C.D. Cal. Aug. 12, 2010) (characterizing an agreement's judicial reference provision as a "forum selection clause" and therefore applying the Supreme Court's "strong policy in favor of enforcement of forum selection clauses"); *Unicom Systs., Inc. v. Fed. Deposit Ins. Corp.*, No. 2:23-cv-02507-WLH-RAO, 2024 WL 2425543, at *2 (C.D. Cal. May 14, 2024); *Cnty. of Marin v. Deloitte Consulting LLP*, No. C 11-00381 SI, 2011 WL 3903222, at *3 (N.D. Cal. Sept. 6, 2011).

## III.  DISCUSSION

### A.  Arbitration or Judicial Reference

The dispositive issue before the Court is whether the Deposit Agreement between Plaintiffs and BANA compels arbitration or judicial reference.[1] The resolution of this issue resolves both the Motion to Compel Arbitration and the Motion to Compel Judicial Reference. In short, if arbitration is required, then the Court must grant BANA's Motion and deny Plaintiff's Motion. If judicial reference is required, then the Court must grant Plaintiff's Motion and deny BANA's Motion.

---

[1] To be clear, the parties do not dispute the validity of the Deposit Agreement itself.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

This inquiry turns on the "Resolving Claims" section of the Deposit Agreement, which states:

> [Provision 1:] You have the right to compel us at your option, and we have the right to compel you at our option, to resolve a Claim relating to a business account by binding arbitration.  [Provision 2:] If neither you nor we decide to compel arbitration, then the Claim will be resolved in court by a judge without a jury, as permitted by law.  [Provision 3:] There is an exception for Claims brought in a California state court.  If a Claim relating to a business account is brought in a California state court, either you or we can seek to compel the other to have the Claim resolved by general reference to a judicial referee under California Code of Civil Procedure (C.C.P.) Section 638, as provided below.  Both parties may also agree to resolve their dispute through judicial reference.  The arbitration, judicial reference or trial by a judge will take place on an individual basis without resort to any form of class or representative action.

ECF 1-2 at 105.

BANA argues that this section by its plain terms compels arbitration if a party invokes its "right to compel . . . binding arbitration."  ECF 44 at 10.  Only if neither party "decide[s] to compel arbitration" would the claim be "resolved in court by a judge."  *Id.*  Under that situation *and* if the claim is brought in California state court, then an exception applies: the claim may be resolved by a judicial referee instead of a judge.  *Id.*

Plaintiffs read the same section in the agreement differently.  They argue that the exception referenced in the third provision is an exception to the resolution scheme set forth in the first two provisions, not an exception that applies only when neither party has sought to compel arbitration, and the claim is filed in state court.  ECF 34-1; ECF 47 at 5 (Plaintiffs' Reply).  In other words, if a party files a claim relating to a business account in state court, as the Plaintiffs did here, either party can compel the other to have the claim resolved by a judicial referee irrespective of the arbitration provision.

The Court finds BANA's reading of the relevant section clearly more persuasive than Plaintiffs' reading, because the latter would completely undermine the parties' right to arbitrate encapsulated in the first provision.[2]  Under the last antecedent rule, a longstanding rule of

---

[2] In their supplemental briefing, the parties agree that the Court need not consider any extrinsic evidence to interpret the Deposit Agreement provisions.  *See* ECF 57 at 3-5; 58 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

statutory construction, "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." *White v. Cnty of Sacramento*, 31 Cal. 3d 676, 680 (Cal. 1982). Here, the third provision states that "[t]here is an exception for Claims brought in a California state court." ECF 1-2 at 105. The preceding provision (the second provision) to which the third provision relates states that, "*[i]f neither you nor we decide to compel arbitration*, then the Claim will be resolved in court by a judge without a jury, as permitted by law.*" Id.* (emphasis added). Thus, only *if* neither party has decided to compel arbitration (as permitted under the first provision) *and* the claim is filed in state court, then either party may compel judicial reference. The second provision clearly contemplates that the parties would be in court only if neither party has exercised its right to compel arbitration under the first provision.

Because "[t]he whole of a contract is to be taken together, so as to give effect to every part," Cal. Civ. Code § 1641, the Court cannot disregard the right to compel arbitration by interpreting the third provision as an exception to the first provision.[3] The first provision states that the parties have "the *right* to compel" arbitration. ECF 1-2 at 105 (emphasis added). It does not similarly state that the parties have a *right* to compel judicial reference. Relatedly, no other provision in the Deposit Agreement indicates that "the parties intended to *give up* their *right* to compel each other to arbitration under the Deposit Agreement" under any circumstance, including by allowing for either party to compel judicial reference if a matter is filed in California state court. *See Happy Puppy LA, Inc. v. Bank of America*, No. 2:23-cv-01354-JLS-PD, 2023 WL 6192702, at *4 (C.D. Cal. June 30, 2023) (emphasis added).

Plaintiffs' argument that the Deposit Agreement is a contract of adhesion and therefore "any ambiguities caused by the draftsman of the contract must be resolved against that party" is unavailing. *See* ECF 57 at 6 (quoting *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224-25 (9th Cir. 2015)). A contract provision is "ambiguous when it is capable of two or more constructions, both of which are reasonable." *Producers Dairy Deliver Co. v. Sentry Ins. Co.*, 41 Cal. 3d 903 (1986) (quoting *Delgado v. Heritage Life Ins. Co.*, 157 Cal. App. 3d 262 (1984)). For the reasons stated above, Plaintiffs' reading of the relevant language in the agreement is not reasonable. The plain language of the agreement compels only one result: that either party has the right to compel arbitration. Thus, there is no ambiguity in the agreement, such that resolution in favor of the non-

---

[3] The Court notes that Plaintiffs conveniently omitted the second provision in the agreement when they cited to the section at issue in their Motion. ECF 34-1 at 4. That type of cherry-picking suggests to the Court that Plaintiffs understand the second provision is fatal to their argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

drafting party is required.

### B.   Delegation of Arbitrability

Finding that the arbitration provision was validly invoked in this case, the next question before the Court is whether it or the arbitrator decides the arbitrability of Plaintiffs' claims. "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  "[I]f the parties [formed] an agreement to arbitrate containing an enforceable delegation clause, all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance."  *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).

The Resolving Claims section of the Deposit Agreement states that:

> The arbitrator, sitting alone without a jury, will decide questions of law and fact and will resolve the Claim.  *This includes the applicability of this Resolving Claims section and the validity of the deposit agreement*, except that the arbitrator may not decide or resolve any Claim challenging the validity of the class action and jury trial waiver.   The validity of the class action and jury trial waiver will be decided only by a judicial referee or a court.

ECF 1-2 at 106 (emphasis added).   The Ninth Circuit has held that language "delegating to the arbitrators the authority to determine 'the validity or application of any of the provisions of' the arbitration clause, constitutes 'an agreement to arbitrate threshold issues concerning the arbitration agreement.'"  *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2777 (2010)).   Because the relevant section here contains a clear delegation clause, the Court must defer questions of arbitrability to the arbitrator.

Plaintiffs argue that other language in the Deposit Agreement conflicts with the delegation clause, undermining its clarity and thus the Court's ability to apply it here.  *See* ECF 37 at 7-12. But these arguments fall flat.   The "Jurisdiction and Venue" clause to which Plaintiffs point as evidence of conflict addresses only where a claim must be *brought* ("the state in which the financial center that maintains your accounts is located").  *Id.* at 7-8; ECF 1-2 at 106.   Requiring that a claim be filed in a particular venue does not conflict with the agreement's process for compelling arbitration and determining arbitrability *after* that claim is filed.   Moreover, Plaintiffs' argument that the judicial reference exception necessarily conflicts with the delegation clause language—because judicial reference supersedes or trumps arbitration when a case is filed in state court—is for nought considering the Court's interpretation of the Resolving Claims section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

above. Thus, the Court finds that the Deposit Agreement clearly and unmistakably delegates the determination of arbitrability to the arbitrator when arbitration is invoked, as is the case here.

The class action waiver presents a different story. The delegation clause provides that "[t]he validity of the class action . . . waiver will be decided only by a judicial referee or a court." ECF 1-2 at 106.

The Deposit Agreement provides as follows with respect to class action proceedings:

(1) For business accounts, you and we agree and understand: (1) that you and we are both giving up the right to trial by jury, and (2) that this section precludes you and us from participating in or being represented in any class or representative action or joining or consolidating the claims of other persons. This is a class action waiver and jury trial waiver.

(2) The arbitration, judicial reference or trial by judge will take place on an individual basis without resort to any form of class or representative action.

(3) You and we acknowledge that under no circumstances will a class action be arbitrated.

ECF 1-2 at 105-06.

Plaintiffs argue that the class action waiver is unconscionable under California law, as articulated in the California Supreme Court's decision in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005). *See also Turner v. Porsche Cars N. Am., Inc.*, No. CV-23-06465-MWF-MRWx, 2023 WL 8788754, at *9 (C.D. Cal. Dec. 19, 2023) (applying *Discover Bank* to consider whether a plaintiff validly waived his right to bring class claims). BANA disagrees. It argues that the United States Supreme Court has explicitly overruled *Discover Bank*'s unconscionability rule when it is used to invalidate a class action waiver that is coupled with an arbitration agreement. ECF 40 at 14.

In *Discover Bank*, the California Supreme Court identified three factors that, if met, would make a class action waiver unconscionable:

(1) whether the agreement is a consumer contract of adhesion drafted by a party that has superior bargaining power; (2) whether the agreement occurs in a setting in which disputes between the contracting parties predictably involve small amounts of damages; and (3) whether it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

*Shroyer v. New Cingular Wireless Servs. Inc.*, 498 F.3d 976, 983 (9th Cir. 2007) (internal citations and quotation marks omitted) (distilling *Discover Bank*'s three-part inquiry for determining whether a class action waiver in a consumer contract is unconscionable). To the extent this rule could apply to class action waivers that are part of an arbitration agreement, BANA is correct that the Supreme Court overruled *Discover Bank* in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011). The Court reasoned in *Concepcion* that the FAA preempts the *Discover Bank* rule in the arbitration context because the rule "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in the FAA. *Id.* at 352. More precisely, the Court explained that "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings. Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 344.

Plaintiffs do not meaningfully dispute that *Concepcion* applies over *Discover Bank* in the context of arbitration. *See* ECF 37 at 22-23. They only insist that it does not apply here because judicial reference applies. However, because the Court has already determined that arbitration is compelled in this case, *Discover Bank* cannot apply to invalidate the class action waiver and require arbitration to proceed on a class-wide basis.[4] The class action waiver is valid, and Plaintiffs must proceed to arbitration on an individual basis.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration is **GRANTED**, and Plaintiffs' Motion to Compel Judicial Reference is **DENIED**. Defendant's Motion to Dismiss, and Plaintiffs' Ex Parte Application for Extension of Time to File Response to the Motion to Dismiss are also **DENIED** as moot. Neither party requested a stay of proceedings pending arbitration.[5] Thus, this case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

---

[4] Because the Court finds that arbitration is compelled in this case, the Court need not address whether *Discover Bank* would invalidate the Deposit Agreement's class action waiver in the absence of an applicable arbitration provision. Such an exercise would be merely theoretical. The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases[.]" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

[5] *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party *requests* a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." (emphasis added)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02328-MRA-PVC | Date | March 14, 2025 |
|---|---|---|---|
| Title | Performance Jet Skis LLC et al. v. Bank of America, N.A. et al. | | |

                                                                                                               - : -

Initials of Deputy Clerk    gga